UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE:                                          :   Case No. 21-31583

FABMETALS, INC.,                                :   Chapter 11 (Subchapter V)

    Reorganized Debtor.                        :   Judge Guy R. Humphrey

---

## MOTION FOR AUTHORITY TO SETTLE AND COMPROMISE CLAIM AGAINST STRATACACHE, INC., COMBINED WITH NOTICE HEREOF

---

### PLEASE READ THIS NOTICE CAREFULLY

**You are hereby notified** that papers have been filed with the Court requesting an Order pursuant to the above referenced Motion, Application and/or Objection (hereinafter called the "Motion").

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, then on or before Twenty-One (21) days after the Date of Issuance set forth below (the "Deadline"), you or your attorney must file a written response in accordance with the Court's local rules and filing procedures.

    The Clerk of Court's address is:  U.S. Bankruptcy Court Clerks Office, 120 W. Third Street, Dayton, OH 45402.

    Copies of the Court's Administrative Procedures for electronic court filings can be found at the following website:  http://www.ohsb.uscourts.gov

You must file the response early enough so the Court will **receive** it on or before the Deadline.

You must also provide a copy of your response via mail to Patricia J. Friesinger, Esq., Coolidge Wall Co., L.P.A., 33 W. First St., Ste. 600, Dayton, Ohio 45402 or through the Court's ECF system.

    June 26, 2025                                  ***/s/ Patricia J. Friesinger***
    _____                          _____
    Date of Issuance                              Patricia J. Friesinger

COOLIDGE WALL CO., L.P.A.

## MOTION

**NOW COMES** FabMetals, Inc. ("FabMetals"), by and through counsel, and hereby moves, pursuant to 11 U.S.C. §105(a) and FRBP Rule 9019(a) for entry of an order approving the settlement of all matters remaining as between FabMetals and Stratacache, Inc. ("Stratacache" and, together with FabMetals, the "Parties"), including authority to enter into and consummate the terms of the settlement agreement attached hereto as Exhibit "A."

A Memorandum in Support is attached hereto.

Respectfully submitted,

*/s/ Patricia J. Friesinger*

Patricia J. Friesinger (0072807)
33 W. First Street, Ste. 200
Dayton, Ohio 45402
Tel: (937) 449-5776 Fax: (937) 223-6705
E-Mail: friesinger@coollaw.com
*Counsel for FabMetals, Inc.*

## MEMORANDUM IN SUPPORT

### I.     FACTUAL BACKGROUND

1.   On September 17, 2021, FabMetals filed a voluntary petition for relief under Subchapter V, Chapter 11 of the Bankruptcy Code.  The *Order Confirming Third Amended Plan [Doc. 158]* was filed herein on May 23, 2022 [Doc. No. 167].  The Plan was confirmed as a non-consensual plan and, as such, the property of the estate does not vest in FabMetals until the completion of the plan.

2.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 (b)(1) and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C.

2

§§ 1408 and 1409. The Parties consent to the entry of a final order approving this motion.

3. The Plan provides for annual distributions on July 15, 2022, July 15, 2023, July 15, 2024 and July 15, 2025. As explained below, based upon recent events, the final distribution and final report are anticipated in advance of July 15, 2025.  Since confirmation of the Plan, FabMetals has continued to comply with and implement the Plan.

4. The confirmed plan provides that until the Class 7 Claim of Stratacache becomes a "Finally Determined Stratacache Claim," pro rata distributions are to be deposited into escrow assuming a claim in the amount of $2,361,270 for Stratacache.  The Plan then provides that once there is a Finally Determined Stratacache Claim, the funds held in the escrow may be subject to redistribution to other creditors in the case, or to Stratacache, depending upon the amount of the Finally Determined Stratacache Claim.

5. In the Litigation Case (as defined in the Plan), the court entered a Final Judgment Entry on Friday November 18, 2022, which granted a judgment to Stratacache and against FabMetals in the amount of $3,575,059 (the net of the damages awarded to FabMetals in the amount of $2,072,053 and damages awarded to Stratacache in the amount of $5,647,112).  The Final Judgment Entry was appealed as C.A. No. 29666 in the Court of Appeals of Ohio, Second Appellate District.  The Court of Appeals issued a decision on May 24, 2024, a copy of which was attached as Exhibit A to the Fifth Post-Confirmation Report Pursuant to LBR 3020-2 previously filed in tordhis case (the "Decision"). The Decision affirmed the judgment in part, reversed it in part, and remanded for a new trial on some categories of Stratacache's damages.  The Decision reversed as against the manifest weight of the evidence several categories of damages previously awarded to Stratacache.

6. Judge Jerry McBride has been assigned as a visiting judge to preside over the Litigation

COOLIDGE WALL CO., L.P.A.

(the prior visiting judge who rendered the initial judgment in the Litigation has since retired).  The Litigation was scheduled for retrial for April 7-9, 2025.  Shortly before the retrial, the counsel for Stratacache in the Litigation acknowledged that the position of Stratacache as to the categories of damages set for retrial were much smaller than was originally granted in the Litigation.[1]  Following this revelation, the counsel for FabMetals was contacted by replacement counsel for Stratacache to discuss the potential settlement of the matter.  Those discussions resulted in submission and entry in the Litigation of the *Agreed Order Determining Motion in Limine, Vacating Trial Date, Ordering Settlement Conference/Mediation and Other Matters* (entered in the Litigation on April 1, 2025) (the "Litigation Agreed Order"). The Litigation Agreed Order confirmed that the damages of Stratacache not subject to retrial total $225,068.00. The Litigation Agreed Order further limited the damage claims to be presented by Stratacache at the retrial to specified categories identified in the Order, set to a maximum amount of $684,301.04 (an amount to which FabMetals has not agreed, but which amount served as a maximum amount to be presented by Stratacache at the retrial).

7.   As part of those discussions, on May 12, 2025, the replacement counsel filed a substitution of counsel herein [Doc. 227].  Further, on May 13, 2025, the *Agreed Order Determining the Amount of the Finally Determined Stratacache Claim as Zero and Ordering Other Matters* was entered in this Case [Doc. 228] (the "Bankruptcy Agreed Order"), which set the Finally Determined Stratacache Claim to $0.00, but explains that the full resolution of the claim in favor of FabMetals and against Stratacache has not yet been determined.  The issues remaining at that

---

1 According to Stratacache, the difference in the claim was largely the result of a change in circumstance following the trial.

4

time related to (1) the extent to which the remaining claim of Stratacache to be retried in the Litigation will be allowed (i.e. how much of the $684,301.04 will be awarded on retrial) and (2) the extent and accrual of pre-judgment and post-judgment interest that may be awarded to FabMetals at the retrial. FabMetals and Stratacache remain in settlement negotiations relating to those issues as well as the payment terms on any settlement from Stratacache to FabMetals and are exchanging drafts of what they hope will become final form settlement documents.

8. The Parties have continued to negotiate settlement of the issues remaining in the Litigation following the entry of the Litigation Agreed Order and Bankruptcy Agreed Order and have reached agreement as to those matters in the form of the settlement agreement attached hereto as Exhibit A. This Motion now seeks authority to execute the settlement agreement in substantially the terms set forth in Exhibit A, which are further described herein[2].

**II. SETTLEMENT TERMS**

9. In resolution of the open issues between the Parties, as briefly described above, the Parties have agreed as follows:

   a. Stratacache shall pay to FabMetals a total of $2.1 Million, to be paid as follows:

      i. Payment of $500,000 to be paid the next business day after entry of a final, non-appealable order approving the settlement;

      ii. Payment of the remaining $1.6 Million in 12 equal installments, subject to interest of 8% and late fees, default interest, payment terms, etc. as further identified in Exhibit A hereto.

---

[2] To the extent of any conflict between the summary of the settlement included in this motion and the terms outlined in Exhibit A, the terms of Exhibit A shall control.

COOLIDGE WALL CO., L.P.A.

b. The Parties will mutually release one another and dismiss the Litigation, with the court in the Litigation to retain jurisdiction to enforce the terms of the settlement.

## III.   LEGAL STANDARD

10. The Bankruptcy Code itself does not set forth factors for consideration in evaluating a proposed settlement. *In re Lee Way Holding Company*, 120 B.R. 881(Bankr. S.D. Ohio 1990). However, in the seminal case *Drexel v. Loomis* the factors that bankruptcy trustees (or debtors in chapter 11) should consider were outlined to include the following: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises. *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929).

11. Pursuant to FRBP 9019(a), this Court may approve a compromise or settlement proposed by the Debtor after hearing on notice to creditors. The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interest of the estate. *In re Energy Coop*, 866 F.2d 921 (7th Cir. 1989). In reviewing the proposed settlement, the Court generally does not substitute its judgment for that of the Trustee/Debtor-In-Possession but instead should canvas the issues and see whether the settlement "falls below the lowest point in the range of reasonableness." *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs.)*, 762 F.2d 185, 189 (2d Cir. 1985)(quoting *Cossoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1982); See also; *In re Lawrence & Erausquin, Inc.*, 124 B.R. 37 (Bankr. N.D. Ohio 1990).

12. The *Drexel* factors are sufficiently satisfied in this proposed settlement. The settlement resolves a disputed claim. While the Parties acknowledge that the Litigation will end with a

6

judgment in favor of FabMetals and against Stratacache, the dollar amount of that judgment is unknown. Further, any judgment is likely to result in an appeal, which may further delay collection by FabMetals. The proposed settlement provides for a resolution and payment on terms that Stratacache believes it can pay and on terms that permit FabMetals to stop incurring attorney fees. Given that the Subchapter V Trustee in this case has already made full distribution to all creditors in this case (aside from his unpaid fees, not yet approved, for which he has retained funds), FabMetals does not believe that the creditors in this case have any stake in this settlement and do not anticipate any objections hereto. FabMetals believes this settlement to be in its best interest, including in the best interests of the estate and all parties in interest.

**WHEREFORE,** based upon the foregoing, FabMetals, pursuant to 11 U.S.C. § 105 and FRBP Rule 9019, requests an Order in the premises and specifically requests authority to consummate the terms and conditions of the settlement on the terms as set forth in Exhibit A hereto, and to sign any and all documents and take such further actions as may be necessary or convenient to accomplish the proposed settlement.

Respectfully submitted,

*/s/ Patricia J. Friesinger*

Patricia J. Friesinger (0072807)
33 W. First Street, Ste. 200
Dayton, Ohio 45402
Tel: (937) 449-5776 Fax: (937) 223-6705
E-Mail: friesinger@coollaw.com
*Counsel for FabMetals, Inc.*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of **MOTION FOR AUTHORITY TO SETTLE AND COMPROMISE CLAIM AGAINST STRATACACHE, INC., COMBINED WITH NOTICE HEREOF** was caused to be served on the date of filing as follows:

Via the Court's ECF noticing service upon the following:

- Asst US Trustee (Day)    USTPRegion09.CB.ECF@usdoj.gov
- Todd A Atkinson    todd.atkinson@wbd-us.com, Heidi.Sasso@wbd-us.com;liz.thomas@wbd-us.com
- Kari Balog Coniglio    kbconiglio@vorys.com, mdwalkuski@vorys.com;kbc@trustesolutions.net
- James A Coutinho    coutinho@asnalaw.com, doan@asnalaw.com;schenck@asnalaw.com
- James A. Coutinho    coutinho@asnalaw.com, doan@asnalaw.com;jac@trustesolutions.net;cjac11@trustesolutions.net
- Jeremy Shane Flannery    Jeremy.S.Flannery@usdoj.gov
- Patricia J Friesinger    friesinger@coollaw.com, trustee@coollaw.com;friesinger.patriciar@notify.bestcase.com
- Tami Hart Kirby    tkirby@porterwright.com, wreynolds@porterwright.com;ahiggins@porterwright.com;erickard@porterwright.com
- James B Lind    jblind@vorys.com, kjwooldridge@vorys.com
- Jeffrey A Marks    jamarks@vorys.com, mdwalkuski@vorys.com
- Matthew McDonald    Matthew.J.McDonald@usdoj.gov, Pamela.D.Arndt@usdoj.gov;Jeremy.S.Flannery@usdoj.gov
- Brent Edward Rambo    RamboBSC@flrlegal.com, mackenziebsc@flrlegal.com
- Matthew T Schaeffer    mschaeffer@baileycav.com, lpatterson@baileycav.com
- Ira H Thomsen    ithomsen@ihtlaw.com, ihtlaw140@gmail.com

*/s/ Patricia J. Friesinger*

_____
Patricia J. Friesinger
4915-2343-5854, v. 1

8

COOLIDGE WALL CO., L.P.A.

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (this "**Agreement**") is entered into by and between (a) reorganized debtor FabMetals, Inc., an Ohio corporation ("**FabMetals**") and (b) Stratacache, Inc., an Ohio corporation ("**Stratacache**"). Collectively, FabMetals and Stratacache shall be collectively referred to as the "**Parties**" and individually as "**Party**".

## RECITALS

Early in 2017, Stratacache launched its outdoor menu display board ("**ODMB**") project;

Stratacache approved FabMetals as an ODMB vendor;

FabMetals manufactured ODMB parts and part assemblies for Stratacache in 2017 and 2018;

Disputes regarding FabMetals' ODMB parts and Stratacache's payments arose between the Parties ("**Disputes**");

FabMetals sued Stratacache in the Montgomery County Court of Common Pleas ("**Court**"), Case No. 2018 CV 01339 ("**Litigation**") for alleged payments due on ODMB parts and assemblies, and Stratacache counterclaimed for damages arising from alleged defective ODMB parts and assemblies;

The Parties tried their claims to the Court from May 17-21, 2021, and the Court found that (i) Stratacache failed to pay invoices in the sum of $2,0732,053.37 for parts delivered to Stratacache by FabMetals; and (ii) FabMetals failed to fabricate 330 units in a workmanlike manner and as a proximate result Stratacache was damaged in the amount of $5,647,112 (the "**Decision**");

FabMetals appealed the Court's decision to the Second District Court of Appeals and filed for protection under Chapter 11 (Subchapter V Designation) of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Ohio, Western Division as case number 21-31583 ("**Bankruptcy Case**");

After confirmation of a plan of reorganization entered in the Bankruptcy Case, the Second District Court of Appeals affirmed the Court's Decision in part, reversed in part, and remanded the case for further proceedings and an Agreed Order was entered in the Bankruptcy Case setting the claim of Stratacache in the Bankruptcy Case to zero; and

EXHIBIT A

The Parties desire to resolve the Disputes and the Litigation pursuant to this Agreement's terms.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, FabMetals and Stratacache hereby agree as follows:

**AGREED TERMS**

1.     Payment by Stratacache. Conditioned upon paragraph 2 below, Stratacache will pay FabMetals the total sum of Two Million One Hundred Thousand dollars (US $2,100,000.00) ("**Settlement Payment**") as provided herein.

(a)     Five Hundred Thousand dollars ($500,000.00) will be paid upon the next business day after the Effective Date (the "**Immediate Payment**").

(b)     The Settlement Payment will accrue interest at the rate of 8% per annum from the Effective Date until paid in full.

(c)     Stratacache will deliver the Settlement Payment balance ($1,600,000.00) through 12 equal monthly installments. The first monthly installment is due no later than 30 days following the Immediate Payment. Each installment shall be due on the same date of the following month (e.g., if the first installment is paid on June 17, 2025, the next payment will be due on July 17, 2015 the following month's payment on August 17, 2025, etc.). An amortization schedule is attached hereto as **Schedule 1** and is incorporated herein by this reference.

(d)     If a monthly installment is not delivered to FabMetals within 5 calendar days of its due date ("**Grace Period**"), then a 10% late fee shall be added to the amount due. The monthly installment payment and late fee is due immediately upon the Grace Period's expiration.

(e)     Any payment not delivered within 7 calendar days (including the Grace Period) of its due date shall be considered a default. FabMetals is not obligated to declare a default, provide notice, or present anything to Stratacache to formalize the default.

(f)     Upon default, the balance of the Settlement Payment remaining due shall accrue interest at the default rate of 12% per annum. Monthly installments set forth in Schedule 1 will be adjusted accordingly going forward. Without waiving any rights under this Agreement, FabMetals may provide an updated amortization schedule after default.

(g)     Upon default, FabMetals may accelerate the remaining installments and declare the remaining Settlement Payment balance due. FabMetals shall provide written

2

notice of acceleration and a demand for payment to Stratacache, but failing to immediately declare a default shall not waive the default.

The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred and that neither Party nor its attorney(s) will seek any award of attorneys' fees or costs from the other Party, except as provided herein.

2.      Bankruptcy Court Approval. This Agreement is conditioned upon the first to occur of the following (the "**Condition Subsequent**"): (a) FabMetals obtaining court-approval of this settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure in the Bankruptcy Case, (b) the Bankruptcy Case being dismissed or closed, or (c) a determination by the court in the Bankruptcy Case that approval pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure is unnecessary. Promptly after full execution of this Agreement by the Parties, so long as the Bankruptcy Case is still open, FabMetals shall file a motion in the Bankruptcy Case requesting court approval under Rule 9019 of the Federal Rules of Bankruptcy Procedure. The obligations, covenants, and promises of this Agreement are conditioned upon the occurrence of a Condition Subsequent. The "**Effective Date**" of this Agreement shall be the date that a Condition Subsequent occurs.

3.      Taxes. FabMetals shall be solely responsible for and is legally bound to pay taxes resulting from the Settlement Payment that are determined to be due and owing by FabMetals to any federal, state, local, or regional taxing authority.

4.      Mutual Release. The Parties, on behalf of themselves, their predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates and assigns, and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns, and successors in interest, and all persons acting by, through, under, or in concert with them, and each of them, hereby release and discharge the other Party, together with their predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates and assigns and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns and successors in interest, and all persons acting by, through, under or in concert with them, and each of them, from all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, medical costs, pain and suffering, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually incurred), and punitive damages, of any nature whatsoever, known or unknown, which either Party has, or may have had, against the other Party, whether apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions related to or arising from:

3

(a)    the Disputes;

(b)    the Litigation; and

(c)    any other matter between the Parties arising before this Agreement's execution.

This Agreement resolves any claim for relief that is, or could have been alleged in the Litigation, no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, damages for humiliation and embarrassment, punitive damages, costs and attorneys' fees related to or arising from the Disputes. The release provided by FabMetals herein, however, shall not be effective until the full Settlement Payment has been received. Stratacache acknowledges that it shall not take any action to claim rights to payment in the Bankruptcy Case or otherwise against FabMetals in derogation of the terms of this Agreement.

5.    No Outstanding or Known Future Claims/Causes of Action. Each Party affirms that it has not filed with any governmental agency or court any type of action or report against the other Party other than the Litigation and currently knows of no existing act or omission by the other Party that may constitute a claim or liability excluded from the release in paragraph 4 above.

6.    Acknowledgment of Settlement. The Parties, as broadly described in paragraph 4 above, acknowledge that (a) the consideration set forth in this Agreement, which includes, but is not limited to, the Settlement Payment, is in full settlement of all claims or losses of whatsoever kind or character that they have, or may ever have had, against the other Party, as broadly described in paragraph 4 above, including by reason of the Disputes  and (b) by signing this Agreement, and accepting the consideration provided herein and the benefits of it, they are giving up forever any right to seek further monetary or other relief from the other Party, as broadly described in paragraph 4 above, for any acts or omissions up to and including the Effective Date.

7.    No Admission of Liability. The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Stratacache and is not to be construed as an admission that Stratacache engaged in any wrongful, tortious or unlawful activity. Stratacache specifically disclaims and denies (a) any liability to FabMetals and (b) engaging in any wrongful, tortious or unlawful activity.

8.    Dismissal of Litigation. The Parties and counsel shall take whatever actions are necessary to ensure that the Litigation is dismissed in its entirety by submitting an agreed order of dismissal with prejudice in the form attached and incorporated as **Exhibit A**. The

4

Court shall retain continuing jurisdiction to enforce this Agreement until Stratacache has delivered the entire Settlement Payment (with accrued interest, surcharges, fees, or other costs covered in this Agreement) in full.

9. Agreement is Legally Binding. The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates. Moreover, the persons and entities referred to in paragraph 4 above, but not a Party, are third-party beneficiaries of this Agreement.

10. Entire Agreement. The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the Parties hereto.

11. New or Different Facts: No Effect. Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

12. Interpretation. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

13. Governing Law and Choice of Forum. This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Ohio, without regard to the principles of conflicts of laws. Any legal action relating to this Agreement shall be brought only in the Common Pleas Court of Montgomery County, Ohio and filed in Case No. 2018 CV 01339 as a motion to enforce this Agreement. Once a movant seeking to enforce this Agreement has prepared a motion to enforce, they need not accept late payments and can accept payment without prejudicing their right to judicial enforcement. The prevailing party in a motion to seek judicial enforcement of this Agreement shall be entitled to recover their reasonable attorney's fees and costs.

5

14. <u>Reliance on Own Counsel</u>. In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys regarding the subject matter, basis or effect of this Agreement or otherwise.

15. <u>Counterparts</u>. This Agreement may be executed in separate counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument.  A photo static, facsimile or electronic copy of a counterpart of this Agreement bearing the image of a Party's actual or electronic signature shall be deemed to be as valid as the Party's original, wet-ink signature. Either Party may execute this Agreement with electronic signatures. Any mark or symbol made or adopted with the intention to execute the Agreement constitutes an electronic signature, including, but not limited to, a digital signature applied by DocuSign or any other digital signature provider, or the typed designation of "/s/" followed by a Party's typed signature. Upon signing, each Party shall transmit the signed document in Portable Document Format (PDF) to the other Party.

16. <u>Authority to Execute Agreement</u>. By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants and/or other restrictions placed upon them by their respective entities.

**READ THE FOREGOING DOCUMENT CAREFULLY. IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

*Executed Signature Pages Follow*

6

IN WITNESS WHEREOF, and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the date(s) set forth below.

FABMETALS, INC., an Ohio corporation

By: *Tom Hensley*
Title: President
Dated: 6-25-25

**REMAINDER OF PAGE LEFT INTENTIONALLY BLANK**

7

STRATACACHE, INC., an Ohio corporation

By: Chris Riegel _____

Title: Chief Executive Officer _____

Dated: June 23, 2025

## SCHEDULE 1

| Payment | Date | Principal | Interest | Amount | Balance |
|---|---|---|---|---|---|
| | | | | | 1,600,000.00 |
| 1 | | 128,514.82 | 10,666.67 | 139,181.49 | 1,471,485.18 |
| 2 | | 129,371.59 | 9,809.90 | 139,181.49 | 1,342,113.59 |
| 3 | | 130,234.06 | 8,947.42 | 139,181.49 | 1,211,879.53 |
| 4 | | 131,102.29 | 8,079.20 | 139,181.49 | 1,080,777.24 |
| 5 | | 131,976.30 | 7,205.18 | 139,181.49 | 948,800.94 |
| 6 | | 132,856.15 | 6,325.34 | 139,181.49 | 815,944.79 |
| 7 | | 133,741.85 | 5,439.63 | 139,181.49 | 682,202.94 |
| 8 | | 134,633.47 | 4,548.02 | 139,181.49 | 547,569.47 |
| 9 | | 135,531.02 | 3,650.46 | 139,181.49 | 412,038.45 |
| 10 | | 136,434.56 | 2,746.92 | 139,181.49 | 275,603.88 |
| 11 | | 137,344.13 | 1,837.36 | 139,181.49 | 138,259.75 |
| 12 | | 138,259.75 | 921.73 | 139,181.49 | - |
| Totals | | | 70,177.84 | 1,670,177.84 | |

3999752\247698\26249745.1

4919-1606-6382, v. 1

Signature: *Chris Riegel*
Chris Riegel (Jun 25, 2025 14:15 EDT)
Email: criegel@stratacache.com

IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
GENERAL DIVISION

| | | |
|---|---|---|
| FABMETALS, INC., | : | CASE NO. 2018 CV 01339 |
| | : | |
| Plaintiff, | : | JUDGE JERRY MCBRIDE |
| | : | (Visiting Judge by Assignment for Judge |
| vs. | : | Susan D. Solle) |
| | : | |
| STRATACACHE, INC., | : | **AGREED ORDER OF DISMISSAL** |
| | : | **WITH PREJUDICE** |
| Defendant. | : | |
| | : | |

Now come Plaintiff and Defendant and hereby agree to dismiss this case in its entirety with prejudice pursuant to Ohio Rule of Civ. Procedure 41(A)(2).  Each party shall bear its own costs and fees.

The parties and Court agree that the Court retains continuing jurisdiction over this matter to enforce the terms of the settlement agreement reached between the parties, and may issue all orders necessary and proper, in accordance with the terms of the settlement between the parties.

IT IS SO ORDERED.

_____
JUDGE JERRY MCBRIDE

COOLIDGE WALL CO., L.P.A.

**EXHIBIT**

**A**

**THIS IS A FINAL APPEALABLE ORDER AND THERE IS NO JUST CAUSE FOR DELAY FOR PURPOSES OF CIV.R. 54.  PURSUANT TO APP.R. 4, THE PARTIES SHALL FILE A NOTICE OF APPEAL WITHIN 30 DAYS.**

**To the Clerk of Courts:**  **Pursuant to Rule Civ. R. 58(B), please send a copy of this Agreed Order of Dismissal to all parties in this case.**

AGREED TO BY:

| COOLIDGE WALL CO., L.P.A. | PORTER WRIGHT MORRIS & ARTHUR LLP |
|---|---|
| By_____ | By_____ |
| Patricia J. Friesinger (0072807) | Tami Hart Kirby (0078473) |
| Daniel J. Gentry (0065283) | Terry W. Posey, Jr. (0078292) |
| 33 W. First Street, Suite 600 | One South Main Street, Suite 1600 |
| Dayton, OH 45402 | Dayton, OH  45402 |
| Phone:  937-223-8177 | Phone:  937-449-6721 |
| Fax:     937-223-6705 | Fax:     937-449-6820 |
| Email:  friesinger@coollaw.com | Email:  tkirby@porterwright.com |
|               gentry@coollaw.com |               tposey@porterwright.com |
| *ATTORNEYS FOR PLAINTIFF* | *ATTORNEY FOR DEFENDANT* |

021368\00376\4939-1339-2209.1

4933-3349-3837, v. 1

2

Label Matrix for local noticing
0648-3
Case 3:21-bk-31583
Southern District of Ohio
Dayton
Thu Jun 26 13:42:12 EDT 2025

AMS Oil, LLC
PO Box 41291
Dayton, OH 45441-0291

ARC Staffing Solutions
616 N Limestone Street
Suite 2
Springfield, OH 45503-4161

Alro Steel Corp
Dept. 771478
PO Box 77000
Detroit, MI 48277-2000

Alro Steel Corporation
3100 E High Street
Jackson, MI 49203-6413

Amada America
PO Box 530603
Atlanta, GA 30353-0603

Amada America Inc
7025 Firestone Blvd
Buena Park CA 90621-1869

Archtech Fabricating Inc
1317 Lagonda Avenue
Springfield, OH 45503

Artx, Inc.
7886 Wildcat Road
Dayton, OH 45424-1944

Asst US Trustee (Day)
Office of the US Trustee
170 North High Street
Suite 200
Columbus, OH 43215-2417

Todd A Atkinson
Womble Bond Dickinson (US) LLP
717 Texas Avenue
Suite 2100
Houston, TX 77002-2753

Auto Zone
PO Box 116067
Atlanta, GA 30368-6067

Automotive Rentals, Inc.
4001 Leadenhall Road
PO Box 1357
Mount Laurel, NJ 08054-7357

Bair Industries, LLC
PO Box 167
Piqua, OH 45356-0167

Bennett Motor Express
6925 Urbana Road
Springfield, OH 45502-9519

Buyers Products
PO Box 74237
Cleveland, OH 44194-0313

C.D. Wolfe Logistics Inc
PO Box 37
Medway OH 45341-0037

Centerpoint Energy
1335 E. Dayton Yellow Springs Road
Fairborn, OH 45324-6349

City of New Carlisle
c/o Vicki Taylor-Whitt, Tax Administrato
331 S. Church Street
New Carlisle, OH 45344-1907

Kari Balog Coniglio
Vorys, Sater, Seymour and Pease LLP
200 Public Square
Suite 1400
Cleveland, OH 44114-2327

James A Coutinho
Allen Stovall Neuman & Ashton LLP
10 West Broad Street
Suite 2400
Columbus, OH 43215-3469

DOT Systems, Inc
6030 Webster Street
Dayton, OH 45414-3434

De Lage Landen Financial Services
1111 Old Eagle School Road
Morrisville, PA 19067

Delille Oxygen Co.
PO Box 7809
Columbus, OH 43207-0809

Doron Yitzchaki
Dickinson Wright PLLC
350 S. Main Street, Suite 300
Ann Arbor
Ann Arbor, MI 48104-2131

Earhart Propane
PO Box 1365
Department 4
Buffalo, NY 14240-1365

Ecotec Ltd., LLC
150 Marybill Drive
Troy, OH 45373-1053

Elan Financial Services
1255 Corporate Drive
Irving TX 75038-2562

FabMetals, Inc.
250 Brubaker Drive
New Carlisle, OH 45344-1414

Jeremy Shane Flannery
Office of the United States Trustee
170 North High Street
Suite 200
Columbus, OH 43215-2417

Patricia J Friesinger
Coolidge Wall Co., L.P.A.
33 West First Street, Suite 600
Dayton, OH 45402-1289

G & R Tool Company, Inc
1728 McClain Street
Dayton, OH 45403-2518

Gardner Denver, Inc
PO Box 4024
Quincy, IL 62305-4024

Silfredo Gonzalez-Velez
c/o Ira H. Thomsen, Attorney
140 North Main Street, Suite A
Springboro, OH 45066-1356

Hanna Rubber Company
908 West 25th Street
Kansas City MO 64108-2326

Bryan D Harvey
Thompson Auction Co., Inc.
3519 OH-235
Fairborn, OH 45324

Hensley Family Limited Partnership
c/o Matthew T. Schaeffer
Bailey Cavalieri LLC
10 W. Broad St., Suite 2100
Columbus, OH 43215-3455

Hydro Extrusion North America, LLC
450 North Stolle Avenue
Sidney, OH 45365

Industrial Fastener Supply, LLC
9475 Sutton Place
Hamilton, OH 45011-9705

Internal Revenue Services
PO Box 7346
Philadelphia, PA 19101-7346

Jonathan R. Secrest
150 East Gay Steet, Suite 2400
Columbus, OH 43215-3130

Tami Hart Kirby
One South Main Street
Fifth Third Center, Suite 1600
Dayton, OH 45402-2024

Laird Plastics
75 Remittance Drive
Suite 2720
Chicago, IL 60675-1001

James B Lind
Vorys Sater Seymour and Pease LLP
301 E. 4th Street
Suite 3500
Cincinnati, OH 45202-4257

MSC Industrial Supply Co.
PO Box 953635
Saint Louis, MO 63195-3635

Jeffrey A Marks
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202-4245

Matthew McDonald
Office of the United States Trustee
170 North High Street
Suite 200
Columbus, OH 43215-2417

McMaster-Carr Supply Co.
200 Aurora Industrial Pkwy
Aurora OH 44202-8090

Miller's Textille Services
PO Box 239
Wapakoneta OH 45895-0239

Moore & Miller Associates, Inc.
PO Box 372
Russells Point, OH 43348-0372

Motion Industries
1605 Alton Road
Irondale, AL 35210-3770

New Carlisle Industrial Park
302 Brubaker Drive
New Carlisle, OH 45344-1433

NuStream Filtration
1257 Stanley Avenue
Dayton, OH 45404-1013

O'Neal Steel, Inc.
PO Box 934243
Atlanta, GA 31193-4243

Ohio Department of Taxation
PO Box 530
Columbus, OH 43216-0530

Paradyn Technology
1281 Bridlestone Drive
Vandalia, OH 45377-3155

Park National Bank
PO Box 3500
Newark, OH 43058-3500

Phoenix Metals Company
1211 Hook Drive
Middletown, OH 45042-1713

Pipe Valves Inc
1200 E 5th Avenue
Columbus, OH 43219-2410

Prism Powder Coatings LTD.
2890 Carquest Drive
Brunswick, OH 44212-4352

Pure Water Industrial LLC
4695 Industry Drive
#D
Fairfield, OH 45014-1965

Brent Edward Rambo
Flanagan, Lieberman, Hoffman & Swaim
10 N. Ludlow Street
Ste 200
Dayton, OH 45402-1437

Raymath
2323 West State Route 55
Troy, OH 45373-9234

Repuublic Services
#260
PO Box 9001099
Louisville KY  40290-1099

S.W. Anderson Company
PO Box 95020
Chicago, IL 60694-5020

SG Equipment Finance USA Corp. dba TRUMPF Fi
Womble Bond Dickinson (US) LLP
Attn: Morgan L. Patterson, Esq.
1313 North Market Street, Suite 1200
Wilmington, DE 19801-6103

Matthew T Schaeffer
10 West Broad St
Suite 2100
Columbus, OH 43215-3455

Scout Light Line Dist.
6711 Dayton Springfield Road
Enon, OH 45323-1217

Security National Bank, a Division of The Pa
c/o Jeffrey A. Marks
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, OH 45202-4257

Stewart Manufacturing Corporation
5230 Prosperity Drive
Springfield, OH 45502-7503

Stratacache Inc.
c/o Doron Yitzchaki, Esq.
Dickinson Wright PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104-2131

Stratacache, Inc
2 River Place
Suite 200
Dayton, OH 45405-4965

Sue Seeberger
5975 Kentshire Drive
Kettering, OH 45440-4264

Taylor Tool & Die, Inc.
306 N. Main Street
New Carlisle, OH 45344-1839

Myron N Terlecky
Strip Hopper Leithart McGrath & Terlecky
575 S Third Street
Columbus, OH 43215-5755

The Park National Bank, successor in interes
c/o Kari B. Coniglio
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114-2327

Ira H Thomsen
140 North  Main St.,  Suite A
PO Box 639
Springboro, OH 45066-0639

Time Warner Cable
PO Box 1060
Carol Stream, IL 60132-1060

Tommy and Cynthia Hensley
5500 Studebaker Road
Tipp City, OH 45371-8704

Total Green Manufacturing
426 Stachler Drive
PO Box 423
Saint Henry, OH 45883-0423

Trumpf Finance
Dept. 135
PO Box 150473
Hartford, CT 06115-0473

Trumpf Inc.
Farmington Industrial Park
Farmington, CT 06032

UPS
PO Box 809488
Chicago IL  60680-9488

Micheal Wardley
Kentner Seller LLP
801 Falls Creek Drive
Vandalia, OH 45377-9695

Wesbanco Bank, Inc.
One Bank Plaza
Wheeling, WV 26003-3565

Wilson Tool International
CM# 9676
PO Box 70870
Saint Paul, MN 55170-0001

Winston Heat Treating Inc.
711 E. Second Street
Dayton, OH 45402-1319

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)James A. Coutinho
Allen Stovall Neuman & Ashton LLP
10 West Broad Street
Ste. 2400
Columbus, OH 43215-3469

(d)Delille Oxygen Company
P O Box 7809
Columbus, OH 43207-0809

(u)Excaliber

(u)Hensley Family Limited Partnership

(u)Lewark Metal Spinning Inc

(u)Otis Elevator

(u)SG Equipment Finance USA Corp., doing busi

(u)Silco

(u)State of Ohio Department of Taxation

(d)Stratacache, Inc.
2 River Place, Suite 200
Dayton, OH 45405-4965

End of Label Matrix
Mailable recipients    86
Bypassed recipients    10
Total                  96